```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

KATRINA OKOLI                    :
                                 :
v.                               :    Civil Action WMN-06-3025
                                 :
THE CITY OF BALTIMORE, et al.    :

 *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion for Reconsideration of this Court's June 28, 2012, Memorandum and Order in which the Court denied her motion for judgment as a matter of law and reduced the jury's award of damages.  Plaintiff also asks for a new trial on her hostile work environment and quid pro quo sexual harassment claims.

Plaintiff's arguments regarding the merits of her sexual harassment claims are those raised previously and which have been considered and rejected by this Court.  They will not be revisited here.  The Court, however, will briefly discuss Plaintiff's new arguments regarding the Court's reduction of her damage award.

Plaintiff contends that this Court issued a "gag order" preventing her from offering evidence of her economic damages. ECF No. 139 at 1.  She claims that "per pretrial conference and motion[s] hearing, the Plaintiff was not to introduce pictures of

self, <u>disclose or reference any monetary damages</u>, and not to express or imply a causal connection of Plaintiff's pain and suffering as it relates to this matter; otherwise, this would 'open the door' for the Defendant to Plaintiff's prior Title VII cases."  <u>Id.</u> at 2 (emphasis added).

As explained in this Court's previous memorandum, the Court did caution Plaintiff that, if she introduced evidence concerning her <u>emotional</u> damages, this might open the door to Defendant's introduction of evidence of Plaintiff's previous discrimination claims against other employers, including claims that she was pursuing during the events that gave rise to this suit.  ECF No. 137 at 13-16.  Prompted by Plaintiff's expressed intent to introduce pictures of herself that she believes reflect the emotional trauma that she was suffering, the Court reasoned that the jury would need to consider whether this trauma was the result of the conduct of the Defendant in this action, or one of the several other employers that Plaintiff alleges engaged in discriminatory conduct against her.  The Court did not, in any manner, instruct Plaintiff that evidence of monetary damages would open the door for evidence of her other discrimination claims.  There is no logical reason why it would.  Plaintiff's contention, quoted above, that the Court instructed her not to "disclose or reference any monetary damages" is simply untrue.

2

Plaintiff elected to not introduce evidence of any emotional damages she is alleged to have suffered because she did not want the jury to learn of her pattern of alleging discrimination against her prior employers.  For whatever other reason, she elected not to introduce evidence of her monetary damages.  Because Plaintiff introduced no evidence regarding her lost salary, the Court prohibited Defendant from introducing evidence regarding salary Plaintiff earned from post-City employment.  In the absence of any evidence of actual damages, the Court properly gave a nominal damage instruction, after informing Plaintiff why it was doing so.

The Court addresses one additional issue raised in Plaintiff's motion for reconsideration, not because it is of any material substance, but because it provides some insight into Plaintiff's willingness to use a pretense of confusion to explain her action or lack of action.  Plaintiff correctly observes that the Court, when quoting the nominal damage instruction it gave to the jury, cited the wrong date for the transcript.  ECF No. 139 at 10.  The Court cited May 18, 2012, as the date of the transcript, not the actual date, May 3, 2012.[1]  After noting that error, Plaintiff states that, because of the Court's error, she

---

[1] The transcript was filed on May 18, 2012, and the Court erroneously cited that date.

3

"is unclear with the transcript reference as the trial for this matter ended on May 7, 2012." Plaintiff, of course, knows the date on which the Court instructed the jury and the page reference provided by the Court would have quickly taken Plaintiff to the quoted text. That Plaintiff would now claim to have been confused by this citation error gives one pause when considering her claim that she was confused about which damages she was cautioned might "open the door" to evidence of her other discrimination claims.

Accordingly, IT IS this 25th day of September, 2012, by the United States District Court for the District of Maryland,
ORDERED:

1) That Plaintiff's motion for reconsideration or new trial, ECF No. 139, is DENIED; and

2) That the Clerk of the Court shall transmit this Memorandum and Order to Plaintiff and counsel of record.

/s/
_____
William M. Nickerson
Senior United States District Judge